IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DOUGLAS WILMER RIVERA | § | |
| | | CIVIL ACTION NO. 1:15-CV-338 |
| VS. | § | (consolidated with 1:15-CV-339, 1:15-CV-340, |
| | | 1:15-CV-341, and 1:15-CV-342) |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Douglas Wilmer Rivera, a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding through counsel, brought these petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court ordered that this matter be referred to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge. The Magistrate Judge recommends dismissing the petitions as barred by the statute of limitations.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings. The petitioner filed objections to the Magistrate Judge's Report and Recommendation. The petitioner contends that the Magistrate Judge incorrectly calculated the period of statutory tolling because the Magistrate Judge did not include time for the mandate to issue after the Texas Court of Criminal Appeals denied the state applications. The petitioner also contends that he is entitled to equitable tolling due to his attorney's computer difficulties.

The statute of limitations for the petitioner's claims that his guilty plea was involuntary and that the trial court abused its discretion by prohibiting Rivera from having contact with his own children began to run on the date that the orders deferring adjudication became final. *Tharpe v. Thaler*, 628 F.3d 719, 724-25 (5th Cir. 2010). The statute of limitations for those claims expired on June 8, 2012, more than two years before the petitioner filed his state applications. The petitioner's objections have no bearing on these claims, which are clearly barred by the statute of limitations.

The petitioner also contends the trial court erred by revoking his community supervision for having contact with his children, and that his attorney provided ineffective assistance of counsel by failing to object. The judgments from the revocation hearings became final on September 10, 2013, after the expiration of the time for filing a petition for certiorari. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). The one-year statute of limitations is tolled while a state post-conviction review or other collateral attack is pending. 28 U.S.C. § 2244(d)(2). Therefore, the limitations period was statutorily tolled when the petitioner filed his state applications on September 5, 2014. The Magistrate Judge found that the statutory tolling ended on August 19, 2015, when the Texas Court Criminal Appeals denied the state applications. The Magistrate Judge found that the statute of limitations expired on August 25, 2015, six days before the petitioner filed his federal applications.

The petitioner argues that his state applications for habeas relief remained "pending" during the ten-day period for entry of the mandate after the Texas Court of Criminal Appeals denied the applications. In determining whether a state habeas application is pending for purposes of the tolling statute, federal courts must look to state procedural rules to determine when state review ended. *Watts v. Brewer*, 416 F. App'x 425, 428 (5th Cir. 2011). In some cases, state collateral review ends when a mandate is issued. *See, e.g., Day v. McDonough*, 547 U.S. 198, 203-205 (2006) (noting that,

under Florida law, the state habeas proceedings are pending until the mandate issues); *Watts*, 416 F. App'x at 430 (holding that, under Mississippi law, the state habeas proceedings are pending until the mandate issues). In *Talbert v. Cockrell*, the United States Court of Appeals for the Fifth Circuit granted a certificate of appealability to consider "whether the Texas Court of Criminal Appeals issues a mandate from the denial of a state application for postconviction relief" and "whether, for purposes of determining the limitations period under 28 U.S.C. § 2244(D)(2), the state application remains pending until the mandate issues." *Talbert v. Cockrell*, 71 F. App'x 441, 2003 WL 21417504, at *1 (5th Cir. June 5, 2003). Ultimately, the Fifth Circuit did not address those issues because the Court found that Talbert's federal petition was untimely even if he was entitled to tolling until the time passed for issuance of a mandate. *Id*. In subsequent cases, the Fifth Circuit has used the date of the Texas Court of Criminal Appeals' decision as the date on which statutory tolling ends. *Rodriguez v. Thaler*, 664 F.3d 952, 953 (5th Cir. 2011); *Mark v. Thaler*, 646 F.3d 191, 196 (5th Cir. 2011); *Tharpe v. Thaler*, 628 F.3d 719, 721 n. 6 (5th Cir. 2010); *Gonzalez v. Thaler*, 623 F.3d 222, 225 (5th Cir. 2010); *Stroman v. Thaler*, 603 F.3d 299, 301 (5th Cir. 2010).

The Texas Court of Criminal Appeals does not issue a mandate in every habeas case; a mandate only issues in cases where the case is set for submission by the Court. *Ramey v. Davis*, 314 F. Supp. 3d 785, 798 (S.D. Tex. 2018). In this case, the petitioner's state applications were not set for submission and mandates were not issued. Therefore, the state applications were only pending through August 19, 2015, when they were denied by the Texas Court of Criminal Appeals. The statute of limitations expired on August 25, 2015, and the petitioner did not file his federal petitions until August 31, 2015. Thus, the Magistrate Judge correctly concluded that the federal habeas petitions were untimely.

The petitioner contends that he is entitled to equitable tolling because his attorney had computer problems that prevented him from e-filing the petitions until August 31, 2015. The attorney contends that he attempted to e-file the petition on August 24, 2015, but he had problems with his computer software and his PACER account that prevented him from accessing the e-filing system. The attorney contends he contacted the Clerk's Office in Beaumont and PACER in San Antonio, but was unable to resolve the problems. Instead, the attorney mailed the petitions to the Clerk's Office on August 25, 2015. The Clerk's Office advised the attorney that the petitions must be e-filed, and the petitions were returned to him. The attorney fixed his computer issues, and he was able to e-file the petitions on August 31, 2015.

The statute of limitations may be equitably tolled in certain cases. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is limited to cases where: (1) the petitioner diligently pursued his rights, and (2) extraordinary circumstances prevented timely filing. *Id*. Delays of the petitioner's own making, excusable neglect, and ignorance of the law are not "extraordinary circumstances." *Sutton v. Cain*, 722 F.3d 312, 316 (5th Cir. 2013). Attorney error or neglect do not warrant equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

The attorney's computer problems do not warrant equitable tolling. First, the petitioner did not diligently pursue his rights. He delayed filing his state applications, so that he only had six days to file his federal petitions after the state applications were denied. Then, the attorney did not attempt to file the federal petitions until the day before they were due. When he encountered computer difficulties, the attorney chose to mail the petitions. Those petitions were received by the Clerk of Court after the limitations period had expired, and they were not accepted by the Clerk of

Court because counsel was required to e-file. These are not extraordinary circumstances that warrant equitable tolling of the statute of limitations.

Further, the petitioner is not entitled to relief on the merits of the claims that arose at the revocation hearing. The Court may not grant relief on any claim that was adjudicated in state court proceedings unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d).

The petitioner's claim that the trial court erred by revoking his community supervision for having contact with his children is not based on clearly established federal law, as determined by the United States Supreme Court. The Supreme Court has never held that it violates Constitutional principles to bar a convicted sex offender from contacting his own children as a condition of his probation. Therefore, the state courts' rejection of this claim is not an unreasonable application of clearly established federal law.

The petitioner also contends that his attorney provided ineffective assistance of counsel by failing to object when his community supervision was revoked for violating the "no contact" condition. To establish a claim of ineffective assistance of counsel, the petitioner must prove that counsel's performance was deficient, and that the deficient performance prejudiced the petitioner's defense. *Strickland v. Washington*, 466 U.S. 668 (1984). Analysis of an ineffective assistance claim on federal habeas review of a state court conviction is not the same as adjudicating the claim on direct review of a federal conviction. *Harrington v. Richter*, 562 U.S. 86, 98 (2011). The key

question on habeas review is not whether counsel's performance fell below the *Strickland* standard, but whether the state court's application of *Strickland* was unreasonable. *Id*. at 100.

On state habeas review, the trial court found that counsel did not perform deficiently by failing to object that the "no contact" condition violated the petitioner's fundamental constitutional rights. State Court Habeas Record (SCHR), Dkt. Entry #9-9 at 20. The trial court found that existing case law did not support the petitioner's claim that it violates the United States Constitution to bar a convicted sex offender from having contact with his children as a condition of community supervision. SCHR, Dkt. Entry #9-9 at 20. Thus, the trial court found that the petition did not meet his burden of proving deficient performance or prejudice. These findings are not an unreasonable application of *Strickland*. Therefore, the petitioner is not entitled to relief on this ground.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration of all the pleadings and the relevant case law, the Court concludes that the petitioner's objections lack merit.

In this case, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could

resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling was incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

**ORDER**

Accordingly, the petitioner's objections (document no. 32) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge (document no. 30) is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation. A certificate of appealability will not be issued.

SIGNED at Beaumont, Texas, this 25th day of September, 2018.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE